NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-546

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 526500

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level two sex offender. On appeal, the plaintiff claims that the hearing examiner abused her discretion by (1) classifying him as a level two sex offender, and (2) denying his motion for expert funds. We affirm.

Discussion. 1. Classification. "A reviewing court may set aside or modify [SORB]'s classification decision where it determines that the decision is in excess of [SORB]'s statutory authority or jurisdiction, is based on an error of law, is not supported by substantial evidence, or is an arbitrary and capricious abuse of discretion." Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 754 (2021) (Doe No. 3177). See G. L. c. 30A, § 14 (7). We give "due

weight to [SORB's] experience, technical competence, and specialized knowledge," id., and the burden is on the plaintiff, as the appealing party, to demonstrate that the decision was invalid. See Doe No. 3177, supra at 757.

"Where [SORB] determines that the risk of reoffense is moderate and the degree of dangerousness posed to the public is such that a public safety interest is served by public availability of registration information, it shall give a level 2 designation to the sex offender." G. L. c. 6, § 178K (2) (b). See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 656 (2019) (Doe No. 496501) (requiring SORB to make three findings by clear and convincing evidence to issue level two classification).

Here, the plaintiff pleaded guilty to five counts of rape of a child with force, in violation of G. L. c. 265, § 22A. Thereafter, SORB notified the plaintiff of his duty to register as a level three sex offender, pursuant to G. L. c. 6, § 178K (2) (c). After a de novo hearing in which the plaintiff challenged SORB's recommendation, the hearing examiner determined that the plaintiff presents a moderate risk of reoffense and a moderate degree of dangerousness such that a public safety interest is served by public access to his sex offender registry information and Internet dissemination. As a result, the plaintiff was ordered to register as a level two sex

offender, which is a less severe classification than SORB's recommendation.

The plaintiff claims that the hearing examiner erred by concluding that the risk of reoffense is moderate and that a public safety interest is served by public availability of his registration information. Specifically, he maintains that SORB failed to prove that the plaintiff should be classified as a level two sex offender by clear and convincing evidence. We disagree.

The hearing examiner found that the plaintiff was eighteen years old when he and his friend forcefully raped two extra-vulnerable fourteen year old girls by way of vaginal, anal, and oral penetration, causing bodily injuries to both victims that required medical care. The hearing examiner concluded, in an abundance of caution, that the relationship between the plaintiff and one of the victims was extrafamilial and that the other victim was a stranger to the plaintiff. The plaintiff has a history of substance abuse, and substance use contributed to the rapes. Additionally, the plaintiff had prior contact with the criminal justice system, violated probation on two separate occasions, and received four disciplinary reports while incarcerated.

Considering the above facts, the hearing examiner properly applied high-risk factor 3 and risk-elevating factors 7, 8, 9,

3

10, 12, 13, 18, 19, and 22 to the governing sex offenses. She assigned varying weights to each of these factors after thoroughly and deliberately analyzing the nature of the relevant facts in her decision.

The plaintiff erroneously argues that the hearing examiner "underweighted certain mitigating evidence" in applying risk-mitigating factors 28, 32, 33, and 34. Under 803 Code Mass. Regs. § 1.33(28) (2016), "Factor 28 may be given less weight if there is a history of probation violations." Thus, while the hearing examiner considered that the plaintiff will be on probation with special conditions for five years after his incarceration sentence, she was entitled to give this factor only moderate weight because the plaintiff had two prior probation violations, regardless of the underlying nature of these violations. The hearing examiner was also entitled to give minimal weight to factor 32 because the plaintiff was ordered to complete a sex offender evaluation with treatment as a condition of probation and, at the time of the hearing, had only completed a sex offender treatment introduction class and a violence reduction class.

Moreover, the hearing examiner properly gave only moderate weight to factor 33. Although she found that the plaintiff has supports in his life, the hearing examiner was appropriately concerned with the authenticity of his romantic relationship,

4

his mother's attempts to rationalize what happened, and the fact that his girlfriend does not believe he committed any sex offenses.  These facts speak directly to the plaintiff's support system's ability to provide "guidance, supervision, and support of rehabilitation."  803 Code Mass. Regs. § 1.33(33).  Finally, the hearing examiner was entitled to give only minimal weight to factor 34 because the plaintiff was still incarcerated at the time of the hearing; thus, the level to which he could demonstrate stability in the community was limited.

The plaintiff particularly takes issue with the weight the hearing examiner gave the psychological evaluation written by Dr. Jill G. Durand, which the hearing examiner considered under additional factor 35.  As SORB correctly points out, the plaintiff did not raise this issue below, so his argument is waived on appeal.  See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).  But even if we were to consider this issue not waived, we would conclude that the hearing examiner did not abuse her discretion in limiting the weight given to this report to the extent the tests and tools Dr. Durand used were correctly applied to the facts and the extent each may be seen as a general indicator of risk of reoffense as an adult offender.

Finally, the plaintiff claims that the hearing examiner's "core error was to have concluded that public safety is served

5

by classifying [the plaintiff] as a moderate-risk offender, thereby requiring Internet dissemination" and that she failed to make specific findings supporting this conclusion. The plaintiff relies on this court's unpublished decision in Doe, Sex Offender Registry No. 523617 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 1107 (2020) (Doe No. 523617) to support his argument. While unpublished decisions may be cited for their persuasive value, they are not binding on this court. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

But even if we were bound by the decision in Doe No. 523617, the plaintiff's reliance is misplaced. In that case, the hearing examiner failed to make any reference to a public safety interest that would be served by Internet publication of the plaintiff's registry information in his findings -- he simply stated that "dissemination of [the plaintiff's] personal information [was] appropriate." Doe No. 523617, 97 Mass. App. Ct. at 1107. Moreover, the underlying facts of that case did not "'clearly dictate' that [I]nternet publication serve[d] a public safety interest" such that a remand for explicit findings would be unnecessary. See id.

By contrast, the hearing examiner here described in detail the relevant public safety interest that would be served by public availability of the plaintiff's registration information based on the facts presented:

6

"I find by clear and convincing evidence that the aforementioned risk factors are evidence of an increased risk to re-offend and dangerousness and warrant Internet access to the [plaintiff]'s registry information in the interest of public safety to prevent female Victims, such as the Victims here, from becoming Victims of sex offenses. . . . Should [the plaintiff] reoffend, it will likely be against an unsuspecting female that he is or is not acquainted with and possibly with another male cohort. Also, like in this case, the [plaintiff] may be under the influence of drugs or alcohol as well as the potential victim, thereby rendering her (extra)vulnerable. Therefore, teenage girls, their caretakers, and other potential [victim]s who become acquainted with or are in the company of [the plaintiff] should have access to his registry information in order to protect themselves and their child(ren)."

The plaintiff argues that this "speculative and caveat-filled language" fails to clearly dictate that Internet publication serves a public safety interest. This argument, however, conflates the requirement for the hearing examiner to make explicit their findings regarding the elements supporting the sex offender's classification level with the standard for whether a remand for explicit findings is necessary when this requirement is not met. See Doe No. 496501, 482 Mass. at 657 n.4.

In addition to the language quoted above, the hearing examiner explicitly noted how the relevant factors affect the public safety throughout her analysis. Moreover, the underlying facts, on which the plaintiff was convicted of five counts of rape of a child, so clearly dictate the appropriate classification level that a remand for explicit findings would

7

not be necessary in any case.  Therefore, the hearing examiner did not err in classifying the plaintiff as a level two sex offender.

2.  Expert funds.  The plaintiff also claims that the hearing examiner abused her discretion by denying his motion for expert funds.  We disagree.

"[T]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case."  Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008).  "[I]n moving for expert witness funds, the burden [is] on the sex offender to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert.  A general motion for funds to retain an expert to provide an opinion on the sex offender's risk of reoffense, without more, would appear to be insufficient."  Id.  The plaintiff's motion for funds failed to meet this burden.

The plaintiff requested funds for an expert to testify about adolescent brain development and neurobiological maturity to demonstrate that the plaintiff's risk of reoffense would be low because "he was a juvenile in development and maturity." However, the plaintiff was eighteen years old at the time of the sex offenses, and thus, he was not a juvenile.  See 803 Code

8

Mass. Regs. § 1.03 (2016) (defining "juvenile"). Therefore, the expert would not have assisted the hearing examiner in determining the appropriate classification level for the plaintiff, and the hearing examiner properly denied the motion for funds. See Doe, Sex Offender Registry Bd. No. 15606 v. Sex Offender Registry Bd., 452 Mass. 784, 794 (2008).

Moreover, even if we were to agree with the plaintiff's purported distinction between a "juvenile" and an "adolescent," we fail to see how the plaintiff's status as an adolescent is a condition or circumstance special to him that would justify the granting of expert funds. Accordingly, the hearing examiner did not abuse her discretion in denying the plaintiff's motion for expert funds.

Judgment affirmed.

By the Court (Meade, Hershfang & D'Angelo, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered: September 28, 2023.

---

[1] The panelists are listed in order of seniority.

9